UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE GORDON,<br>    Plaintiff(s),<br>v.<br>STOR UR STUFF, et al.,<br>    Defendant(s). | Case No.: 2:20-cv-00139-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff brings this case regarding her efforts to regain her property from Stor UR Stuff. *See* Docket No. 1-1 at 3-4; *see also* Docket No. 6 at 3-4.[1] Plaintiff does not purport to bring a

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

claim arising under federal law, nor is there any showing that diversity jurisdiction exists in this case either with respect to the diversity of parties or the amount in controversy. *See* 28 U.S.C. §§ 1331, 1332. Hence, Plaintiff does not establish this Court's subject matter jurisdiction. Moreover, it is clear that amendment cannot cure that deficiency.

As the Court is lacking subject matter jurisdiction, the undersigned **RECOMMENDS** that the case be **DISMISSED** without prejudice to Plaintiff seeking relief in state court.[2] The undersigned further **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: April 16, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] This is the eighth case that Plaintiff has filed in this Court since the beginning of 2018. Six of those cases have been dismissed: *Gordon v. Berryhill*, 2:18-cv-00492-JCM-EJY; *Gordon v. Berryhill*, 2:18-cv-00775-APG-GWF; *Gordon v. SmartStop Self Storage*, Case No. 2:18-cv-00786-APG-PAL; *Gordon v. Department of Motor Vehicles*, Case No. 2:18-cv-00834-APG-VCF; *Gordon v. City of Henderson*, Case No. 2:19-cv-01045-APG-VCF; *Gordon v. Saul*, 2:19-cv-01046-GMN-EJY. Before filing any additional cases in this Court, Plaintiff must carefully consider whether her complaint meets the legal requirements to state a claim and to establish subject matter jurisdiction. Failure to do so may result in the initiation of vexatious litigant proceedings through which Plaintiff's future filing abilities may be restricted.